## CRANE, BOYLSTON & CO. v. LIPSCOMB.

1. Where an answer was served on the twenty-first day (Saturday) and returned on the following Monday, because served too late, the Circuit Judge committed no error in ruling that the answer had not been served in time.

2. Where defendant fails to answer in time, the order of the Circuit Judge afterwards made, admitting the answer, may impose terms—as, for instance, of trial before the call of the cause in regular order, and of paying certain disbursements of the plaintiff incurred in resisting defendant's motion for leave to answer.

3. The date of every proceeding which this court is asked to review, should be stated in the "Case." Errors alleged, but not clearly apparent by reason of the absence of dates, not considered, as it is incumbent on appellant to show the error complained of.

4. There being some evidence as to a part of the demand sued on, a nonsuit could not be granted.

5. Where three complaints are consolidated, they should properly be attached together, and a general verdict written thereon ; but writing a separate verdict on each complaint is not error of law.

6. If the clerk committed error in entering up three several judgments, defendant's remedy is by motion in the Circuit Court and not by appeal.

7. The right to recover ten per cent. collection fees, according to the terms of the contract, not being raised by defendant during the trial, the Circuit Judge did not err in refusing a new trial because such fees were included in the verdict.

8. Where the complaint alleged that defendant had made his note for a sum stated to be paid on a day named, and was indebted to plaintiff for said sum, "with interest at 10 per cent., and 10 per cent. as attorney's fees" (a mere conclusion of law), the Circuit Judge erred in permitting plaintiff to amend at the trial by making the note sued on, wherein these stipulations as to interest and fees appeared, a part of the complaint, and refusing time to defendant to answer further.

Before COTHRAN, J., Spartanburg, March, 1885.

This was an action by A. Z. Demarest, Henry Boylston, and A. J. Haltiwanger, constituting the firm of Crane, Boylston & Co., of Atlanta, against M. C. Lipscomb. The opinion fully states the case.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. C. P. Barrett and S. W. Melton,* contra.

March 20, 1886. The opinion of the court was delivered by

MR. JUSTICE McIVER. On December 13, 1884, the plaintiffs commenced three separate actions on three notes under seal against the defendant, the complaints in all the cases being identical in form except as to the amounts and time of maturity of the several notes, and, therefore, it will be sufficient for the purposes of this case to set out the allegations in the first complaint. The complaints were served on December 13, 1884, but the answers were not served until January 3, 1885, when they were returned as being served too late. "They were, however, again received by the plaintiffs' attorney on said January 3, and were after that again returned on January 5."

The allegation in the complaint was that the defendant "made his promissory note in writing, bearing date the 12th day of June, one thousand eight hundred and eighty-four, whereby he promised to pay, ninety days thereafter, to the plaintiffs, * * the sum of ($500) five hundred dollars; and although the said note became due and payable before the commencement of this action, to wit, Sept. 10, 1884, yet the defendant has not paid the same. And the plaintiffs further say that they are now the lawful owners and holders of the said note, and that the defendant is justly indebted to them thereupon in the sum of ($500) five hundred dollars principal, together with interest thereon, from date, at the rate of 10 per cent per annum, together with 10 per cent. on the principal and interest as attorney's fees." Wherefore judgment was demanded for the said principal sum and interest, together with 10 per cent. thereon as attorney's fees, and the costs of the action.

The defendant in his answers says : "I. That formerly he gave a note to one Crane, Boylston & Co., but of the exact date of said note, and terms thereof, this defendant is unable to say and does not know, and demands strict proof thereof. II. Denies each and every allegation of the complaint not herein expressly admitted."

The cases were docketed by plaintiffs' attorney on calendar 3, whereupon defendant's attorney served notice of a motion for an order adjudging that the answers were served duly, and, failing in that, for leave to answer; and also gave notice of a motion to consolidate the several actions. Thereupon the plaintiffs obtained an *ex parte* order from the Circuit Judge, requiring the defendant to appear before a referee and make an *affidavit* to be used in opposing defendant's motion ; and the defendant gave notice of a motion to rescind said order. The dates of these notices and the said order do not appear, but it is stated in the "Case" that "the whole matter was brought before the court on March 23, 1885, and his honor thereupon made the following order," the date of which is not given. The order was to the effect, "that the several causes above entitled be, and are hereby, consolidated into one action in this court, and that the several statements of the causes of actions in the respective complaints stand as the consolidated complaint in said consolidated action ;" and, further, it was ordered "that the answers served on January 3, on plaintiffs' attorney, which were not served within the time required by law, stand as the consolidated answer of defendant, and that the case should stand for trial out of its order during that week, in conformity with order signed March 31, 1885."

From this last provision, it would seem that the above order must have been granted on or after March 31, 1885, and yet in the next paragraph of the "Case" it is stated, "the case was called for trial on March 27, 1885." Further on in the "Case," we find an order bearing date March 31, 1885, to the effect, "that the defendant have leave to answer herein, and that the answer heretofore, to wit, January 3, 1885, served on the plaintiffs' attorney, be deemed his answer herein, and that the cause be tried on March 26, 1885, at 6 o'clock p. m." This much of the order is recited to be on the motion of defendant's attorney, though the

whole order is represented to have been presented by the plaintiffs' attorney. The order then proceeds, on motion of the plaintiffs' attorney, to provide "that the costs of this motion be not allowed to either party, but it appearing that plaintiffs having disbursed the sum of ($1.80) one and 80–100 dollars in resisting this motion, to wit, by having the sheriff to serve papers, ordered, further, that the plaintiffs recover said sum of the defendant, to be included in their judgment obtained against the defendant at this term."

We have been thus particular in making the foregoing statement, because it is contended by respondents in argument here, that the provision requiring the defendant to pay the sheriff's costs above referred to, was, in fact, announced by the court as one of the conditions upon which defendant was allowed to answer before the trial, though not formally incorporated in the written order until after the trial, to wit, on March 31, 1885, and this is stoutly contested by the appellant. It is very manifest that, owing to the absence of some dates and the confusion in others, it is not clear what was the exact order of the several motions and orders in the court below, and hence we take occasion again to impress upon the bar the importance of giving in the "Case," as prepared for argument here, the dates of the several steps in any proceeding which they desire this court to review.

At the trial the plaintiffs offered evidence to prove their partnership, and of the execution of the several notes sued upon by the defendant, which are in the following form: "$220. Thickety, S. C., June 12, 1884. Thirty days after date I promise to pay to the order of Crane, Boylston & Co., two hundred and twenty dollars, at Spartanburg bank, Spartanburg, S. C., with exchange and collection charges, including ten per cent. attorney's fees, value received, with interest at rate of 10 per cent. per annum after maturity. Given under my hand and seal. (Signed) M. C. Lipscomb, [L. S.]"; and closed their case. The defendant moved for a non-suit on the ground of variance between the allegations in the complaint and the proof, there being no sufficient allegation as to the ten per cent. attorney's fees. This motion was refused, but the court suggested to the plaintiffs' attorney that he might amend by adding copies of the notes in the allegations of

the complaint. To this, defendant's attorney objected upon the ground that his client was not present, and that he could not answer the complaint, as thus amended, instantly. The court ruled that the amendment should be allowed, and that it was not necessary for the defendant to be allowed to answer, as he must be presumed to be familiar with the contents of the notes. To this ruling the defendant duly excepted.

The defendant offering no testimony, the jury were directed to find a verdict for the amount of each note "upon the several complaints." The jury thereupon rendered three several verdicts, for the several amounts stated in the "Case." Thereupon the defendant moved for a new trial upon the following grounds: "I. That the verdict is excessive, and more than is asked for in the pleadings. II. Because the ten per cent. counsel fees should not be allowed on either the principal or interest of the debt. III. Because there was no testimony that the attorneys' fees herein amounted to ten per cent. IV. Defendant also moved for costs of this motion, and for such other and further relief as may be just."

It appearing to the court that an error had been committed in computing the amount due on the notes of eleven 17–100 dollars, it was ordered that a new trial be granted unless a *remittitur* for said sum be entered on the record, in which event the new trial was refused. The *remittitur* as directed was immediately entered on one of the complaints. Thereupon, and against the objection of defendant, duly made before the clerk, the plaintiffs entered three several judgments against the defendant, upon the several verdicts as found by the jury.

The defendant appeals, alleging error as follows: "I. In requiring defendant to go to trial before the cause was regularly reached on the docket. II. In not ruling that defendant's answer was properly put in, or that he should be allowed to answer without terms. III. In not granting a non-suit. IV. In allowing plaintiffs to amend their consolidated complaint, and not allowing defendant to answer the same. V. In instructing the jury to find for the plaintiffs the amounts they did find, and instructing them to find a verdict for each amount upon the several complaints. VI. In refusing a new trial. VII. In not granting a new trial

except in case the ten per cent. attorney's fees were not remitted.
VIII. In ruling that the said ten per cent. should be allowed upon'
interest of the notes as well as the principal. IX. In giving costs
against defendant in the matter of plaintiffs' attempt to procure
the affidavit of defendant. X. Because the plaintiffs had no right
to enter up three separate judgments. XI. Because, under the
order of the court, two of said verdicts were set aside, and no
judgments could be entered thereon."

The first, second, and ninth grounds of appeal, imputing error
in the order granting leave to defendant to answer upon the terms
imposed, will be considered together. There is no doubt of the
fact that.the answers were not served within the time required,
and hence it was discretionary with the judge whether he should
allow them to come in at all, and if so, upon what terms. The
statement made in the "Case," that, after the answers were first
served and immediately returned as being served too late, they
were again "received by plaintiffs' attorney on said January 3,
and were after that again returned on January 5," is not very
clear. Whether the word "received" was used in the sense of
accepted, or simply to indicate that the answers were again sent
to the plaintiffs' attorney on the same day, we have no means of
ascertaining; but, at all events, they were practically returned
the very next day, inasmuch as the 4th was Sunday—*dies non*—
and we cannot see that there was any error on the part of the
Circuit Judge in ruling that the answers were not served in time,
and if so, then it followed necessarily that he had a right to im-
pose such terms, as conditions of being allowed to answer, as he
might think just.

It is insisted by appellant's attorney, that the payment of the
costs incurred by plaintiffs in their effort to resist defendant's
motion to be allowed to answer was not one of the terms imposed,
while plaintiffs' attorney insist that it was. As will be seen from
the statement which we have attempted to make of this case, it is
not very clear what was the precise order of the several proceed-
ings in the Circuit Court, owing to the absence of some dates
and the confusion in others; and as it is incumbent upon the ap-
pellant to show the error which he alleges, and as we can very
well understand that the payment of these costs might have been

a very proper condition to impose, we cannot assume that there was any error in this respect on the part of the Circuit Judge.

As to the third ground, we see no error in refusing the non-suit, for the plaintiffs certainly offered evidence to establish a part, at least, of their claim, and even granting that there were no sufficient allegations in the complaint as to another part of their claim, that would constitute no ground for a non-suit.

As to the fifth ground, which embraces two separate and distinct matters—first, alleging error in instructing the jury to find for the plaintiffs the amounts they did find; second, in instructing the jury to find a verdict for each amount upon the several complaints. As to the first matter, it is entirely too indefinite to enable us to determine exactly what was the particular error designed to be alleged. The instruction was not given exactly in the form stated. The notes having been proved, and no defence offered, and no request made for any instructions, and the plaintiffs' attorneys having "made a calculation of the different amounts due on the notes," his honor simply directed the jury to verify the calculations and find accordingly. In this we see no error. If, however, the purpose of this branch of this assignment of error was to raise the question as to the right of the plaintiffs to recover the ten per cent. attorney's fees, then there should have been a request to charge as to this matter, which was not done.

As to the second branch of the fifth ground of appeal, it seems to us to present more a mere matter of form rather than of substance. While, perhaps, after the cases had been consolidated, and it had been ordered "that the several statements of the causes of actions in the respective complaints stand as the complaint in said consolidated action," it would have been more regular to have attached the three complaints together as one complaint, and have had the verdict for the whole amount of the three notes written on the complaint so consolidated, we cannot say that there was any error of law in pursuing the course which was adopted.

The sixth, seventh, and eighth grounds will be considered together, as they all seem to relate to the claim of ten per cent. attorney's fees. As we have said, there was no request to instruct the jury as to this claim on the part of the plaintiffs, and no question raised as to it, except in regard to the amendment

allowed, until the motion for a new trial, and even then no distinct point made as to the charge of this per cent. on the interest, as contradistinguished from the principal.    Assuming for the present that the amendment was properly allowed (which, however, will hereinafter be considered), then the Circuit Judge had nothing before him but the fact that the defendant had promised to pay the ten per cent. attorney's fees, about which no question had been made during the trial, and there was nothing, therefore, to show that he had committed any error on the trial which rendered it necessary for him to grant a new trial.    While, therefore, we are not to be understood as determining anything, either one way or the other, as to the important and interesting questions as to the validity or effect of such stipulations in a note, we do not think these grounds of appeal well taken in this particular case.

The tenth ground of appeal imputes no error to the Circuit Court, but only to the clerk of that court, and if error there be in his action, the proper mode of rectifying it is by application to the court of which he is the clerk, and not directly to this court.

The eleventh ground is so manifestly untenable as to require no discussion, for it is too plain for argument that the order of the Circuit Court cannot bear the construction sought to be placed upon it by this ground.

The only remaining inquiry is that presented by the fourth ground.    It will be observed that the amendment allowed the introduction of two additional contracts, and two additional and different causes of action, to the contract which it was alleged in the original complaint the defendant had made.    For in the original complaint the only promise which it was alleged the defendant had made, was a promise to pay a specific sum of money at a specified period, while the purpose and effect of the amendment allowed was to incorporate allegations that the defendant had made two additional and different promises—one to pay interest on said specified sum at the rate of ten per cent. per annum, and the other to pay 10 per cent. attorney's fees.    The statement made in the complaint, "that the defendant is justly indebted to them thereupon (that is, upon the promise evidenced by the note previously alleged) in the sum of ($500) five hundred dollars,

principal, together with interest thereon from date at the rate of 10 per cent. per annum, together with 10 per cent. on the principal and interest as attorney's fees," is rather a conclusion of law, and an incorrect one, too, than an allegation of fact; for, without a promise in writing to that effect, the rate of interest, as matter of law, would not be ten, but seven, per cent., and certainly there is no conclusion of law, from a promise to pay a given sum at a given time, that the promisor agrees to pay ten or any other per cent. for collection fees.

It seems to us clear, therefore, that the purpose and effect of the amendment, which was allowed, was to permit the plaintiffs, not merely to state more definitely, or put in proper shape, the contract or promise which they alleged defendant had made, but to incorporate into the complaint two additional, distinct, and different promises or contracts, which defendant had no opportunity to plead to, and as to which he was precluded from raising by his pleading any issue of law or fact. Whether such an amendment is allowable at all under the code, is not made a question by this appeal, and is not, therefore, considered or determined, but certainly the defendant was entitled to the usual time allowed for answering the amendment. *Cleveland* v. *Cohrs*, 13 *S. C.*, 397; *Coleman* v. *Heller*, 13 *S. C.*, 491.

The case now under consideration differs from the case of *S. C. R. R. Co.* v. *Barrett* (12 *S. C.*, 173), for there the majority of the court manifestly regarded the amendment allowed as not incorporating a new and additional contract, but as simply a different statement of the same contract originally sued on; indeed, they held that no amendment was really necessary. We do not see how the fact, that, in the case now under consideration, the notes were received in evidence without objection, which was relied upon in Barrett's case as an important circumstance, can affect the question, for the notes here could not be objected to, as they were undoubtedly competent evidence to prove the promise which was alleged in the complaint; while in Barrett's case the bond which was offered in evidence was not competent evidence of the promise alleged in the complaint in that case.

So, in *Tarrant* v. *Gittelson* (16 *S. C.*, 231), the amendment allowed did not really incorporate any new or additional promise,

for both had relation to the same thing, the only change being from an implied to an express promise; a change in form merely and not in substance. In addition to this, it is said in that case that it did not appear that time to answer was asked for when the amendment was allowed, as was done in *Coleman* v. *Heller, supra,* and, we add, as was done here. We think, therefore, that there was error in refusing to allow the defendant time to plead to the complaint as amended, and upon this ground the case must go back.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.